UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS WAYNE CARLYLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:24-cv-01769-JPH-TAB |
| JEFFERY AUGUSTINOWICZ Indianapolis Metropolitan Police Officer, NATHANIEL SHALLER Indianapolis Metropolitan Police Officer, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**ORDER DENYING MOTION TO SET ASIDE DISMISSAL**

Dennis Wayne Carlyle has filed a motion to set aside the dismissal of his case, arguing that damage to his mailbox prevented him from receiving correspondence from the Court, constituting excusable neglect under Rule 60(b). For the following reasons, his motion is **DENIED**.

**I.
Facts and Background**

Mr. Carlyle initiated this action in October 2024, alleging that two IMPD officers had violated his constitutional rights when they performed a traffic stop on his vehicle without probable cause. Dkt. 1. As Mr. Carlyle alleged that the stop occurred on March 11, 2020, this Court ordered Mr. Carlyle to show cause by November 8, 2024 as to why his claim wasn't barred by the statute of limitations. Dkt. 5. The Court explained that if Mr. Carlyle did not respond by the deadline, the case may be dismissed. *Id.* Mr. Carlyle did not respond, and

1

so on November 21, 2024, the Court dismissed the case and entered final judgment. Dkts. 6, 7.

On December 27, 2024, Mr. Carlyle filed a Motion for More Definite Statement, in which he acknowledged that this Court had ordered "Plaintiff Carlyle to respond as to why his Claims should not be dismissed by November 08, 2024 citing the Statute of Limitations barring any further legal review of Plaintiff Carlyle's case. Failure to RESPOND by November 8, 2024, this Court therefore DISMISSES this case with PREJUDICE." Dkt. 8. He attached to that motion a copy of the public docket sheet, reflecting the November 21, 2024 entries of the order dismissing case and the final judgment, as well as a copy of both the Court's order and the final judgment itself. Dkt. 8-1. The Court responded to Mr. Carlyle's on January 8, 2025, reiterating that the statute of limitations for a § 1983 claim is two years, that Mr. Carlyle had brought his claim outside that period and failed to show cause as to why it was not time-barred, and that his case remained closed. Dkt. 9.

Now, on May 27, 2025, Mr. Carlyle filed a motion to set aside the dismissal pursuant to Rule 60(b). Dkt. 10; Fed. R. Civ. P. 60. In his motion, he alleges that he "never received the Courts November 11, 2024 Decision" as "[s]ometime before and no later than May 01, 2025, the Apartment mail boxes had been vandalized, the mail wet, lost, or destroyed at" his address. Dkt. 10 at 1–2. He further alleged that he "NEVER received any Court co[rres]pondence in this case and as a ProSe litiga[nt], patiently awaited the Courts response, yet by May 06, had still not heard from the Court in this cause." *Id.* at 3. Mr.

2

Carlyle went to the clerk's office on May 6 to inquire about his case, and was informed it had been dismissed. *Id.* at 2. He requests that this Court "reinstate" the show cause order. *Id.*

## II.
## Applicable Law

"Relief from a final judgment [under Rule 60(b)] is available because of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, the judgment is void or has been satisfied, or any other reason that justifies relief." *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supp., Inc.*, 961 F.3d 942, 948 (7th Cir. 2020). Relief under Rule 60(b) is an "extraordinary remedy granted only in exceptional circumstances." *Nelson v. Napolitano*, 657 F.3d 586, 589 (7th Cir. 2011).

## III.
## Analysis

Mr. Carlyle argues that the apartment's damaged mailboxes, resulting in him not receiving correspondence from the Court, constitute excusable neglect warranting relief from the Court's dismissal of his case. *See* dkt. 10 at 1.

It is not fully clear from Mr. Carlyle's motion whether he claims that he never received the show cause order, the order dismissing his case and the final judgment, or all three documents. However, Mr. Carlyle attached copies of the order dismissing the case and the final judgment to his motion for a more definite statement, which was filed on December 27, 2024—meaning that Mr. Carlyle was aware, at least by that date, that the case had been closed. Dkts. 8, 8-1. It would make sense that the damaged mailboxes didn't impact

3

his ability to receive those documents, too, because according to the exhibits Mr. Carlyle submitted with his Rule 60(b) motion, they were repaired around November 10, 2024, and the Court dismissed the case and entered final judgment on November 21—after the mailbox issue had supposedly been resolved. *See* dkt. 10 at 9; dkts. 6, 7. As to the show cause order from October 21, Mr. Carlyle was again at least aware of its existence by December 27, as he references it in his motion for a more definite statement, and attached a copy of the public docket sheet which showed that the show cause order had been docketed. Dkt. 8, 8-1. And if he was missing a copy of an order, Mr. Carlyle has not provided any reason why he could not have asked for a copy, explained to the Court the mailbox vandalism and missing mail, or otherwise taken steps to rectify the issue prior to May of the following year.

Even if the Court were to assume that Mr. Carlyle has not received any correspondence from the Court or was otherwise unaware of the show cause order, order dismissing case, and entry of final judgment prior to May, that would still not constitute excusable neglect. All litigants are responsible for monitoring the status of their case and periodically checking the docket. *Shaffer v. Lashbrook*, 962 F.3d 313, 316–17 (7th Cir. 2020). Mr. Carlyle filed his complaint on October 8, 2024, and did not stop by the clerk's office to inquire about his case until May 6, 2025—almost seven months to the day later. Dkts. 1, 10. He did not file his Rule 60(b) motion until May 27, exactly five months after he filed his motion for more definite statement on December 27, 2024. Dkts. 8, 10. Such delay cannot, in this context, constitute

4

"excusable neglect."  *Shaffer*, 962 F.3d at 317 ("That a litigant did not receive notice because he failed—for more than half a year—to track an active case is not 'excusable neglect' under Rule 60(b)(1), nor does it warrant relief under any other provision of Rule 60(b)."); *Casimir v. Sunrise Fin., Inc.*, 299 F. App'x 591, 592–93 (7th Cir. 2008).

Last, the Court also notes that Mr. Carlyle has still not offered any response to the Court's show cause order as to why his claim is not barred by the statute of limitations.  He acknowledged in his December 27, 2024 motion that this Court had ordered him "to respond as to why his Claims should not be dismissed by November 08, 2024 citing the Statute of Limitations" but has not filed any such response in the intervening months.

In sum, Mr. Carlyle has not shown excusable neglect or that relief in this case is warranted for any other reason under Rule 60(b).  Therefore, his motion is **DENIED**.  Dkt. [10].  This case remains closed.

**SO ORDERED.**

Date: 6/6/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DENNIS WAYNE CARLYLE
3833 Cedar Ridge Road
2-C
Indianapolis, IN 46235

5